MR. JUSTICE GULBRANDSON,
concurring in part and dissenting in part:
*477 I concur with the majority opinion denying the respondent’s cross-appeal, but I respectfully dissent from the affirmance of the judgment.
This case actually involves three checks drawn on the respondent’s account and payable to the appellant, although the County Attorney’s office chose to file a criminal complaint on only one of said checks. That check had been returned to appellant by the bank and was marked “account closed.” The transcript reveals that the respondent had in fact issued “NSF” checks on the same account during 1978 and that he was aware that his wife consistently signed his name to checks drawn on his account. The respondent conceded that the appellant could not have known that the signature on the check was not his, and even the bank failed to discover that the signature was forged.
In my view, there was probable cause to believe that the respondent had committed the offense at the time collection procedures were initiated, and, in fact, previous counsel for respondent conceded that fact. I would therefore hold that there was no evidence to support the jurors’ answer of “Yes” to the special verdict question No. 1, “Was the arrest of the Plaintiff and subsequent confinement in the holding cell unlawful or wrongful?”
The majority finds that two and one half hours expired from the time of arrest until respondent was released, even though it was agreed in the pre-trial order that the appellant was booked in at 6:20 a.m. and released at 7:15 a.m. I realize that this is an insignificant fact inasmuch as, under the majority rationale in extending recovery for emotional distress, a five minute detention would be sufficient for affirmance.
I disagree further with the majority’s finding that the cashing of the check in question violated Super-Save’s check cashing policies. The jury did not specifically make that finding, and the appellant’s witness, Pope, in the defendant’s case-in-chief, testified that the cashing of the check in question would not violate the appellant’s check- *478 cashing policy.
The majority states: “It was incumbent upon Supersave to insure all collection actions initiated by Data Check, including assistance from the County Attorney, were discontinued upon restitution made by respondent.” To the extent that that statement can be interpreted as requiring a merchant to insure that criminal actions be discontinued after restitution, I disagree.
Question No. 6, of the special verdict reads as follows: “Question no. 6: What is the total amount of compensatory damages the Plaintiff suffered. List specific items of damage and total the damages.”
And the jurors answered:
“Damage to reputation $3,000
Social stigma $5,000
Shame and embarassmentfsic] $2,000
Mental anguish $2,000
damage to self image $5,000
$17,000
plus Defendant will pay all attorney fees and court costs.”
Where the jurors’ answers clearly indicate that they considered elements of damages outside the evidence and the instructions of the court, I would reverse and remand for a new trial.